(41 South. 226.)

No. 15,897.

TUCKER et al. v. BENEDICT et al.

(April 9, 1906. Rehearing Denied May 7, 1906.)

MORTGAGES—REDEMPTION SALE—LIABILITIES FOR INJURIES TO PROPERTY BY THIRD PERSONS—CUTTING TIMBER.

Because the title stands in a man's name is no reason for holding him in damages for the act of some other person in taking timber off the land; especially where his apparent title was a mere contract of security.

(Syllabus by the Court.)

Appeal from Twenty-Fifth Judicial District Court, Parish of Tangipahoa; William Hutchinson McClendon, Judge ad hoc.

Action by W. W. Tucker and others against H. P. Benedict and others. Judgment for plaintiffs, and defendant bank appeals. Dismissed as to the bank, and in other respects affirmed.

See 38 South. 142, 114 La. 203.

Alfred Wood Spiller, for appellants W. W. Tucker and others. Warren Moses Wright, Obadiah Pierson Amacker, and Reid & Purser, for appellant Hammond State Bank. Stephen Dudley Ellis, Benjamin Moore Miller, Hypolit P. Mixon, and John W. Sentell, for appellees.

PROVOSTY, J. The case is appealed only in so far as the judgment against the Hammond State Bank is concerned.

One Benedict sold to one Barley the trees on a certain tract of land for $900. For $250 of that amount Barley gave a note payable in three months. The balance was payable as the trees would be taken, at the rate of $1 per thousand feet. At the end of each month a report was to be made of the timber cut during the month. The purchaser was to have three years within which to remove the timber. Reports and payments were to be made to the Hammond State Bank "which is hereby authorized to receive and receipt for same." The witness to this contract was R. Lillie, cashier of the Hammond Bank. The date of the contract was July 1, 1901. Barley assigned his contract to the Hammond Lumber Company.

In the following October Benedict made a redemption sale of the land to the bank for $950; the bank acting through the same R. Lillie, its cashier. Four months were allowed for the redemption.

In the following December Benedict sold the land to J. W. Sentell for $2,500 cash. The deed recites as follows:

"To have and to hold the above-described premises, all and singular the rights and appurtenances thereto, in anywise belonging unto the said J. W. Sentell, his heirs, and assigns forever; and I hereby bind myself, my heirs, executors, administrators, and assigns to warrant and defend all and singular the premises unto the said J. W. Sentell, his heirs and assigns, excepting a certain redemption deed for $950, and interest payable to Hammond State Bank and timber contract made to W. T. Barley against any person whomsoever lawful claim or to claim the same or any part thereof."

Benedict had acquired the land in perfect good faith, and these contracts of his were made in perfect good faith. The bank was reimbursed its $950. When and by whom the record does not show; but, presumably, by Barley's paying to it the $250 note, and by divers other payments made to it, in pursuance of the timber contract, by Barley and his assign, the Hammond Lumber Company. If the payment was made as is here supposed, then $500 or $600 was paid in 1903

and 1904; that is to say, after the delay for redemption had expired.

The redemption sale was still uncanceled on the records when plaintiffs brought the present suit to recover the property. They made both the bank and J. W. Sentell defendants, and they claim from the bank the value of the timber taken from the land during the time that the title stood on the records in its name.

The bank urges that the redemption sale was a mere contract of security, and that it never was owner of the land. The evidence supports this defense, and it is a perfect defense. We fail entirely to see on what theory the bank could be held for timber, when it never took or was concerned in taking any, and all it did was to act as agent for the owner in receiving a part of the price of the timber.

The judgment is set aside, and the suit is dismissed as against Hammond State Bank; in all other respects it is affirmed.